[No. 1434.]

L. LOBENSTEIN, PLAINTIFF AND RESPONDENT, *v.* THE COUNTY OF STOREY, DEFENDANT AND APPELLANT.

1—ACTS OF MARCH 12, 1885, AND MARCH 5, 1869, CONCERNING FEES AND SALARY OF JUSTICES OF THE PEACE AS SUCH AND THEIR EX OFFICIO OFFICES, CONSTRUED.—*Held*, that a justice of the peace in Storey county of one of the townships therein is not entitled to the compensation provided for in section 12 of the act of March 5, 1869, to be paid registry agents, in addition to the salary named in section 11 of the act of 1885.

APPEAL from judgment after demurrer to complaint over-ruled, from District Court, Storey county; *C. E. Mack*, Dis-trict Judge.

The facts sufficiently appear in the opinion.

*F. P. Langan*, District Attorney of Storey county, and *E. D. Knight*, Deputy, for Appellant:

The defendant demurred on the ground that the complaint does not state facts sufficient to constitute cause of action. The demurrer was overruled and defendant refused to answer. Plaintiff took judgment as prayed for in the complaint.

The demurrer should have been sustained. The complaint does not state facts sufficient to constitute a cause of action. (*a*) Because the said justice of the peace for his term was entitled to receive only a monthly salary from the county and with fees in civil cases collected from litigants was in full for all services and ex officio services by him performed. Of said ex officio services, see Gen. Stats., sec. 1501, Stats. 1885, p. 96; Stats. 1889, p. 92; Stats. 1891, p. 129; Stats. 1893, p. 16. (*b*) Even if the said justice were entitled to receive the fees claimed as registry agent upon allowance by the board of county commissioners, he must have repaid the same to the county treasurer as fees collected in his official capacity; and the courts will not enforce, by judgment, the doing of an idle act. (Gen. Stats., sec. 1501; Stats. 1885, p. 96.)

A county cannot be compelled to pay any claim not expressly made chargeable against it by law. And this is particularly so of fees claimed by officers. (*Washoe Co.* v. *Humboldt Co.*, 14 Nev. 131; 4 Am. & Eng. Ency. of Law, 539.)

The judgment appealed from is not supported by the pleadings or otherwise and should be reversed.

*W. E. F. Deal*, for Respondent:

The justice of the peace of Virginia township is required by law to perform the duties of three distinct offices—jus-tice, coroner, and registry agent—the duties of each office being distinct from the others, and, prior to 1885, distinct fees and compensation were attached to each office.

By section 1501, Gen. Stats. (Act of March 5, 1869, sec. 1), said justice is made ex officio registry agent and section 12

of that act, unless repealed by implication, provides the compensation sued for.

Section 2087, Gen. Stats., provides that "justices of the peace in any township wherever the legal number of votes cast at the last general election equaled or exceeded the number of twelve hundred shall be ex officio coroner." This section makes the justice of the peace ex officio coroner of Virginia township.

Section 2090, Gen. Stats., provides that "the salaries in this act provided shall be the whole and only compensation allowed and paid to the officers herein named for all official services by them rendered as said officers," and section 5 of the act provides that after the first Monday in January, 1887, the officers named in the act shall pay all fees to the county treasurer. Section 11 provides that the annual salaries shall be in full for all services and ex officio services required of the officers named in the act. Section 12 provides that officers of Storey county named therein shall receive in full payment of all services rendered by them the salaries mentioned. Section 13 of this act repeals all acts and parts of acts *so far as they conflict with or are repugnant to the provisions of this act.*

It will be observed that the registry agent is not named in this act at all and that there is no statute which by its terms expressly provides that the compensation provided for by section 1512, Gen. Stats., shall not be paid to the justice as registry agent. As to every other officer mentioned in the act except the justice of the peace all the ex officio offices held by them are mentioned. It is contended, however, by general provisions quoted and contained in the act, that the legislature intended that the justice of the peace for this township should perform all the duties imposed upon him by law for the salary of $900 per year and fees in civil cases; that by necessary implication the section of the statute providing for his compensation as registry agent has been repealed. It has been repealed, if repealed at all, in no other way. It is not expressly repealed because by the repealing act no acts or parts of acts are repealed, unless they are in conflict with or repugnant to its provisions.

Repeals by implication are not favored, and are only held to have occurred in cases of irreconcilable repugnancy between

the latter and the former enactments, *where the two cannot
stand together.* (*Estate of Walley*, 11 Nev. 260; *State v. Don-
nelly*, 20 Nev. 214.) The principle upon which it has been
decided by our supreme court that a new statute revising the
whole subject matter of a law repeals that law, though con-
taining no express words to that effect, does not apply in a
case like this. (*Thorpe v. Schooling*, 7 Nev. 15; *State v. Rogers*,
10 Nev. 319.)

"When a statute enumerates the persons or things to be
affected by its provisions there is an implied exclusion of
others. There is then a natural inference that its application
is not intended to be general." (*Miller v. Miller*, 44 Pa. St.
170, 172; Sutherland on Stat. Construction, par. 327.)

The office of registry agent, being established by law, and
its duties having been imposed upon the justice of the peace,
the mentioning of the offices of justice of the peace and
coroner in the statute, and the omission of that of registry
agent, excludes the latter office and its compensation from
the statutes. (Sutherland on Stat. Constr., par. 325; *V. T.
R. R. Co. v. Elliott*, 5 Nev. 364.)

The two acts are not necessarily repugnant. The first
gives the justice of the peace his compensation as registry
agent, the last his compensation as justice and coroner.
"The law will not allow the revocation or alteration of a
statute by construction when the words may have their
operation without it." (Sutherland, par. 217; *Torreyson v.
Board of Ex.*, 7 Nev. 19.) There is nothing either in the
affirmative or negative words touching the justice of the
peace to oppose the upholding of both statutes. The duties
of register do not constitute a civil or criminal case.

It is the officers named in the act and none others who are
affected. The registry agent being omitted from the act is
excepted from it, and the justice of the peace, being that
officer, is entitled to his compensation as such. (Sutherland,
par. 219.)

It will be no violence to legal principles to construe the
two acts in such a way as to uphold both. (*Ex Parte Crow
Dog*, 109 U. S. 570; *U. S. v. Langston*, 118 U. S. 393.)

*Langan & Knight*, for Appellant, in reply:

There is no reason or necessity for naming the registry

agent in the salary act of 1885, for the reason that a prior statute made him such. The justice of the peace was made ex officio coroner by the act in question, hence, the necessity for mentioning that office.

The manifest intention of the salary act of 1885 was to make the compensation named in the act the only remuneration of the county and township officers named for all their services and ex officio services, and the subsequent amendments have shown a like disposition. Prior to the passage of this act the officers of Storey county were working under the fee system.

Certain officers, among them the justice of the peace, are named in section 1 of the salary act of 1885. Section 4 provides that "the salaries in this act provided shall be the whole and only compensation allowed and paid to the officers herein named for all official services by them rendered *as such officers.*"

If this provision stood alone and the office of (ex officio) registry agent was not mentioned in the section fixing compensations, the effect might be to leave that officer in the exact position respondent claims that he now is. But sections 5–8 show the intention that *such* should be the case, and section 11 absolutely *provides* that no officer named in the act shall receive any compensation not therein provided for. The limitations of this section must have the effect contended for by appellant or be entirely inoperative.

There is here no question of repeal by implication, the only question being whether section 1501, Gen. Stats., conflicts with the express provision and intention of the salary act, and particularly section 11 thereof, in so far as it relates to the compensation fixed for the justice of the peace of township No. 1, Storey county.

The authorities cited by respondent are not in point.

By the Court, BONNIFIELD, J.:

The plaintiff, as justice of the peace and ex officio registry agent of township No. 1 in said county, registered the names of 1,445 voters for the general election held in the year 1894. For this service he presented his claim to the board of county commissioners for the sum of $361 25. The board refused to allow the same, and the plaintiff brought suit in

the district court of the State of Nevada in and for Storey county against the defendant to recover said sum. The defendant, by its district attorney, demurred to the complaint on the ground that it does not state facts sufficient to constitute a cause of action. The demurrer was overruled. The defendant refused to answer, but elected to stand on its demurrer, and judgment was given against it for the amount claimed in the complaint. This appeal is. taken from the judgment.

The contention of the district attorney is that the act of the legislature entitled "An act consolidating certain county offices in the State of Nevada and fixing the salaries of the officers thereof and other matters relating thereto," approved March 12, 1885, and the acts amendatory thereof, fix the salary of the justice of the peace of said township, which is in full for all services and ex officio services required of that officer, and that therefore the complaint shows no cause of action, and the judgment is erroneous. These several acts apply only to Storey county. Before the act of 1885 took effect, the officers therein named were under the fee system.

Section 1 of said act makes the sheriff ex officio assessor; the county clerk ex officio treasurer; the district attorney ex officio county superintendent of public schools; and the justice of the peace of township No. 1, ex officio coroner. The plaintiff was the justice of the peace of said township in the years 1893 and 1894. Section 12 of the act provides that the "officers of Storey county shall receive in full payment for all services rendered by them the following salaries:" The sheriff, for services as sheriff and ex officio assessor, $3,000; the county clerk, for services as county clerk and ex officio treasurer, $3,000; the county recorder, for services as county recorder and ex officio auditor, $2,400; the district attorney, for services as district attorney and ex officio county superintendent of public schools, $2,500; and the justice of the peace, for services as justice of the peace and ex officio coroner, $2,000. "Sec. 4. The salaries in this act provided shall be the whole and only compensation allowed and paid to the officers herein named for all official services by them rendered as such officers." Section 11 provides that the salaries named in the act "shall be in full for all services and all ex officio services required of the officers herein named."

Counsel for respondent claims that the justice's salary is for services as justice of the peace and for services as ex officio coroner, and not for services as ex officio registry agent. He argues: "It will be observed that the registry agent is not named in this act at all, and there is no statute which by its terms expressly provides that the compensation provided by section 12 of the act of March 5, 1869 (Gen. Stats., sec. 1512), shall not be paid the justice as registry agent. It will also be observed that as to every other officer mentioned in the act, except as to the justice of the peace, all ex officio offices held by them are mentioned. * * * So that the question for the court to decide is, has the section of the act giving the compensation as registry agent been repealed by implication? * * * The office of registry agent being established by law, and its duties having been imposed upon the justice of the peace, the mentioning of the office of justice of the peace and coroner in the statute, and the omission of that of registry agent, exclude that office and its compensation from the statute."

There would have been no propriety in consolidating the offices of justice of the peace of said township and registry agent by this act, because they had been consolidated by the registry act. Counsel is mistaken in saying "that as to every officer mentioned in the act, except as to the justice of the peace, all ex officio offices held by them are mentioned." The office of "collector of licenses" is an ex officio office held by the sheriff, and it is not mentioned in the act. The office of "clerk of the district court" and the office of "clerk of the board of county commissioners" are respectively ex officio offices held by the county clerk. (Const., art. IV., sec. 32.) Neither of them is mentioned in the act, and "there is no statute which by its terms expressly provides that the compensation provided" for these offices "shall not be paid" to the officers performing the duties thereof. But we do not think that counsel would seriously contend for a moment that the sheriff is entitled to a percentage of the amount of his collections for licenses, or that the county clerk, in addition to his salary of $3,000, is entitled to the fees of the office of clerk of the district court, which would doubtless amount to several thousand dollars. It cannot be reasonably supposed that such was the intention of the legis-

lature.  If the plaintiff is entitled to the fees he claims, then the sheriff and the county clerk are entitled to their fees above named under the same act and by the terms thereof, and by the same course of reasoning adopted by respondent's counsel in this case.

The manifest objects of the act and the explicit terms of the act themselves demonstrate the fallacy of the respondent's contention.  It is declared in section 11 that the salaries named in the act "shall be in full for all services and all ex officio services required of the officers herein named." "The officers herein named" include the justice of the peace of township No. 1, and his services in registering voters are ex officio services—services required of him by virtue of his office of justice of the peace.  The terms of the act not only embrace his services as justice of the peace and his ex officio services when acting as coroner, but his ex officio services when acting as registry agent.  In 1894, the plaintiff being the justice of the peace of township No. 1, he was one of the officers included in the act, and as such officer he performed the ex officio services of registering the voters of his township, the full compensation for which has been provided by the salary act.

In the foregoing we have been considering the act of 1885, to which the counsel mainly directed his discussion.  (Gen. Stats., sec. 2089, et seq.)  This act was amended in 1889, 1891, and 1893.  These amendments further show the legislative intent, and that the plaintiff's claim is wholly without merit.  The act of 1889 (Stats. 1889, p. 92) does not change the salary or compensation of the justice of township No. 1, but gives the justice of the peace of township No. 2 a salary of $480 a year, and it provides that "in addition thereto he shall receive such fees as are now provided by law," but "he shall have no claim against the county for fees in civil or criminal cases."  The act of 1891 (Stats. 1891, p. 129) reduces the salary of the justice of township No. 1 from $2,000 to $900, and allows him "such fees in civil cases only as are now allowed by law."  This act does not change the salary or compensation of the justice of township No. 2.  The act of 1893 (Stats. 1893, p. 16), which was in force when the plaintiff performed his services as ex officio registry agent, simply re-enacts the provisions of the act of 1891 as to the

salary and fees of these two officers, except it declares that
the justice of township No. 1 "shall have no claim against
the county for fees in civil or criminal cases." It is evident
from the very terms of these amendatory acts that the legis-
lature intended to confirm the compensation of the justice of
township No. 1 to the salary of $900 and the fees in civil
cases, which fees do not include the fees for the registration
of voters; but as to the other justice, with a salary of $480,
it was not intended to so confine him, but to allow him "fees
as now provided by law," which include the fees for said
registration. Thus it will be seen that the legislature in each
of four sections has clearly manifested its intention, which is
adverse to the plaintiff's claim.

Counsel argues that the section of the registry act giving
compensation to registry agents has not been repealed by
any act in express terms; that repeals by implication are
not favored; that section 13 only provides that "all acts and
parts of acts heretofore passed, so far as they conflict with or
are repugnant to the provisions of this act are hereby
repealed;" and that the registry act, wherein the fees for
registering voters are provided, does not conflict with and is
not repugnant to the provisions of these later acts above
named. It is admitted that it was not the intention of the
legislature to repeal these provisions of the registry act, but
to let them remain in force for the benefit of all registry
agents who are not excluded therefrom by the several acts
under discussion. But when the registry act provides that
justices of the peace shall be ex officio registry agents in
their respective townships, and provides their fees for regis-
tering voters, and subsequent acts provide that the justice of
the peace of a certain township shall receive a certain salary,
and "such fees in civil cases only as are now provided by law,
in full payment of all services rendered" by him, and declare
that such salary and such fees "shall be in full for all serv-
ices and all ex officio services required" of him, the imagina-
tion is not greatly exercised in discerning a conflict and
repugnancy between the former and the subsequent acts.
Whether the former act is repealed in express terms or by
implication, in so far as it conflicts with or is repugnant to
the provisions of the subsequent acts, is immaterial, for by
the spirit and terms of these several later acts the plaintiff

is denied fees for registering the voters of his township. He has no cause of action in this case.

The judgment of the district court is reversed.